IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RICHARD J. POLLAK, JR., | § | CASE NO. 02-44178-H3-7 |
| | § | ADVERSARY NO. 04-3906 |
| Debtor. | § | |

| | | |
|---|---|---|
| RICHARD J. POLLAK, JR., | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1269 |
| | § | |
| HOMESIDE LENDING, INC., | § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM OPINION AND ORDER**

Appellant, Richard J. Pollak, Jr., appeals the Bankruptcy Court's April 7, 2006, judgment denying Plaintiff's Motion to Extend Time for Filing of Notice of Appeal in Adversary No. 04-3906. Pending before the court are Appellant's Brief (Docket Entry No. 5) and Appellee's reply Brief (Docket Entry No. 6). For the reasons explained below, the judgment of the bankruptcy court will be affirmed.

**I.  Factual and Procedural Background**

Debtor Richard J. Pollak filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 2, 2002.[1]  On

---

[1]Docket Entry No. 1 in Bankruptcy Case No. 02-44178-H3-7.

November 15, 2004, Pollak brought an adversary action against Appellee Homeside Lending, Inc. ("Homeside") alleging violations of the federal Real Estate Settlement Procedures Act ("RESPA"), the Texas Debt Collection Practices Act, and the Texas Deceptive Trade Practices Act in connection with Homeside's servicing of Pollak's home mortgage loan.[2]  The adversary trial occurred in October of 2005 and on February 23, 2006, the Bankruptcy Court issued an opinion determining the amount of the claim and the prepetition arrearage owed to Homeside.[3]  The Bankruptcy Court also awarded Pollak damages of $1,000, and attorney's fees of $11,119.25.[4]

Pollak did not timely file a notice of appeal within ten days of the entry of the Bankruptcy Court's Judgment.[5]  On March 10, 2006, four days after the deadline for filing a notice of appeal, Pollak filed a Motion to Extend Time for Filing of Notice of Appeal, asserting excusable neglect.[6]  Homeside opposed the motion,[7]

---

[2]Docket Entry No. 1 in Adversary Case No. 04-3906, Bankruptcy Case No. 02-44178-H3-7.

[3]Memorandum Opinion and Judgment, Docket Entry Nos. 26 and 27 in Adversary Case No. 04-3906, Bankruptcy Case No. 02-44178-H3-7.

[4]<u>Id.</u>

[5]The deadline to file a notice of appeal was Monday, March 6, 2006, because the tenth day fell on March 5, 2006, a Sunday.  Fed. R. Bank. P. 8002; Fed R. Bank. P. 9006.

[6]Plaintiff's Motion to Extend Time for Filing of Notice of Appeal, Docket Entry No. 30 in Adversary Case No. 04-3906, Bankruptcy Case No. 02-44178-H3-7.

[7]Defendant's Response to Plaintiff's Motion to Extend Time for Filing of Notice of Appeal, Docket Entry No. 32 in Adversary Case No. 04-3906, Bankruptcy Case No. 02-44178-H3-7.

and after an evidentiary hearing on April 5, 2006, the Bankruptcy Court denied the motion on April 7, 2006.[8] Pollak has appealed the denial of his motion.[9]

## II. **Standard of Review**

A district court reviews a bankruptcy court's decision under the same standard of review that a court of appeals applies to a district court judgment. See 28 U.S.C. § 158(c)(2). The court reviews the Bankruptcy Court's findings of fact for clear error and its legal conclusions and mixed questions of law and fact under a de novo standard of review. Universal Seismic Assocs., Inc. v. Harris County (In re Universal Seismic Associates, Inc.), 288 F.3d 205, 207 (5th Cir. 2002). The Bankruptcy Court's finding that the failure to timely file the notice of appeal was not due to excusable neglect is reviewed for an abuse of discretion. See Pioneer Inv. Servs. Co. v. Brunswick Assocs., 113 S.Ct. 1498, 1500 (1993). A decision based on an erroneous view of the law constitutes an abuse of discretion. Zer-Ilan v. Frankford (In re CPDC Inc.), 221 F.3d 693, 698 (5th Cir. 2000).

---

[8]Memorandum Opinion, Docket Entry No. 38 in Adversary Case No. 04-3906, Bankruptcy Case No. 02-44178-H3-7.

[9]Although Pollak lists seven issues for appeal, all center around whether the Bankruptcy Court erred in finding that Pollak's failure to timely file a notice of appeal was not excusable neglect. Appellant's Statement of Issues on Appeal, Docket Entry No. 46 in Adversary Case No. 04-3906, Bankruptcy Case No. 02-44178-H3-7.

### III. <u>Analysis</u>

Pollak argues that the Bankruptcy Court erred in denying his motion for an extension of time to file a notice of appeal in Adversary Case No. 04-3906. Pollak asserts the same basis for the extension both here and in the Bankruptcy Court: excusable neglect.

Bankruptcy Rule 8002(a) provides that a notice of appeal shall be filed within ten days of the entry of judgment. Bankruptcy Rule 9006(b)(1) allows the Bankruptcy Court, for cause shown, to, "on motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect." <u>See also</u> Fed. R. Bank. P. 8002(c)(2) (stating that a request to extend the time for filing a notice of appeal "filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect").

Excusable neglect is an equitable consideration that takes into account all relevant circumstances surrounding the party's omission. <u>Christopher v. Diamond Benefits Life Ins. Co. (Matter of Christopher)</u>, 35 F.3d 232, 236 (5th Cir. 1994) (citing <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 113 S.Ct. 1489, 1498 (1993)). These circumstances include the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay,

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.  Id. at 1498.

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.  Pioneer, 113 S.Ct. at 1496 (internal citations omitted).  Although attorney negligence can constitute excusable neglect, a client is held accountable for the acts and omissions of his chosen counsel.  Id. at 1499.  The proper focus is on whether the neglect of the client and his counsel was excusable.  Id.

The Bankruptcy Court applied the foregoing legal standard in denying Pollak's motion for an extension of time to file a notice of appeal.[10]  Pollak's appeal does not directly state that the Bankruptcy Court viewed the law erroneously, but he does intimate this by stating that a denial based on an erroneous view of the law is an abuse of discretion.[11]  To the extent Pollak argues that the Bankruptcy Court used the incorrect legal standard, this argument is without merit.  This court finds that the Bankruptcy Court applied the correct legal standard for excusable neglect.

---

[10]Memorandum Opinion, pp. 3-4, Docket Entry No. 38 in Adversary Case No. 04-3906, Bankruptcy Case No. 02-44178-H3-7.

[11]Brief for Appellant Pollak, pp. 8-9, Docket Entry No. 5.

The court must now determine if the Bankruptcy Court abused its discretion in applying the law to Pollak. Pollak was acting pro se, without an attorney, when he failed to file a timely appeal. The facts reflect that the attorney who represented Pollak at trial declined to represent him in the appeal. Pollak spoke with his attorney about the time for filing an appeal during the course of her representation, and based on these conversations Pollak understood that he had 20 or 30 days from the date of entry of judgment to appeal. He consulted with a second attorney within the ten-day window who told him that "time was of the essence" but did not give him a date by which he must appeal.[12]

The Bankruptcy Court examined these circumstances when it denied Pollak's motion.[13] The Bankruptcy Court's Memorandum Opinion notes that Pollak was the prevailing party at trial. It then notes that he consulted with two attorneys before filing an appeal. The Bankruptcy Court concludes, based on a totality of the circumstances, that the Debtor's failure to file a timely appeal was not the result of excusable neglect.

---

[12]Pollak actually consulted with a third attorney who referred him to the attorney who is representing him in his appeal, but this was after the ten-day appeal window, and they did not discuss the deadline to appeal. Transcript, 14:4 - 14:14, Docket Entry No. 49 in Adversary Case No. 04-3906, Bankruptcy Case No. 02-44178-H3-7.

[13]Memorandum Opinion, pp. 1-4, Docket Entry No. 38 in Adversary Case No. 04-3906, Bankruptcy Case No. 02-44178-H3-7.

This court has examined the record and finds that although the length of the delay in filing was only four days, and the Bankruptcy Court did hold that Pollak acted in bad faith, the other considerations weigh against a finding of excusable neglect. First, the reason for the delay was within the reasonable control of Pollak.  Pollak did not have an attorney, but was apparently relying on previous advice given him from his attorney for the adversary proceeding.  Based on this information, Pollak thought that he had 20 days to appeal, but did not know the exact filing deadline.  He consulted with another attorney within the ten-day appeal window and was told that "time was of the essence."  But again Pollak did not find out the deadline for filing a notice of appeal.  Pollak was on notice that time was an important consideration in filing his appeal but nonetheless failed to ascertain the deadline.  In addition, Pollak was the prevailing party at trial, which reduces the danger of prejudice.  Under these circumstances, this court finds that the Bankruptcy Court did not err when it held that Pollak's failure to timely file a notice of appeal was not excusable neglect.

Based on the foregoing this court concludes that the Bankruptcy Court did not abuse its discretion in denying Pollak's Motion to Extend Time for Filing of Notice of Appeal.

Costs for this appeal will be taxed against Pollak pursuant to Federal Bankruptcy Rule of Procedure 8014 (stating that "[e]xcept

as otherwise provided by law, agreed to by the parties, or ordered by the district court . . . costs shall be taxed against the losing party on appeal").

## IV.  Conclusions and Order

For the reasons explained above, the court finds that it does not have jurisdiction to hear this appeal.  Accordingly, the Bankruptcy Court's Judgment Denying Plaintiff's Motion to Extend Time for Filing of Notice of Appeal, entered on April 7, 2006, is **AFFIRMED**.

**SIGNED** at Houston, Texas, on this the 24th day of July, 2006.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　SIM LAKE
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE